**TRANSPORT CONCEPTS, INC., Appellants,**

v.

**John REEVES, Appellee.**

**No. 05–87–00608–CV.**

Court of Appeals of Texas, Dallas.

March 22, 1988.

Henry B. Parkhill, Grand Prairie, for appellants.

Donald C. McLeaish, Duncanville, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

LAGARDE, Justice.

Appellant, Transport Concepts, Inc. (TC), appeals by Petition for Writ of Error from a default judgment awarding appellee, John Reeves, damages in the amount of $33,360.57 against TC and Deborah J. Haferkamp, jointly and severally, for personal injuries sustained by Reeves in a motor vehicle accident. TC and Haferkamp, although duly served, did not file an answer, appear or otherwise participate in the trial. For the reasons stated below, we modify the trial court's judgment and, as modified, we affirm.

This negligence action arose out of personal injuries sustained by Reeves, a passenger, when a truck, driven by Haferkamp, struck the rear of a lumber truck on April 19, 1986, on Interstate 10 in Riverside County, California. At the time, Haferkamp was an employee of TC and was acting within the course and scope of her employment.

Reeves, also an employee of TC, alleged that Haferkamp was negligent in failing to keep a proper lookout, in failing to apply her brakes, in driving at an unreasonable rate of speed and in failing to turn her vehicle in order to avoid the collision. Upon their failure to answer, a default judgment was entered on November 18, 1986, against TC and Haferkamp awarding Reeves $33,360.57 in damages. TC appeals from this default judgment.

The right to appeal by writ of error is granted by section 51.012 of the Texas Civil Practice and Remedies Code and the time in which such appeal must be taken is governed by section 51.013 of the Code. TEX.CIV.PRAC. & REM.CODE, § 51.012 (Vernon 1986). Rule 45 of the Texas Rules of Appellate Procedure sets out the requirements for appeal by writ of error. TEX.R.APP.P. 45.

Those requirements include the following: the appellant must not have participated, either personally or by his attorney, in the actual trial of the case in the trial court; the writ of error must be "sued out" within six (6) months of the date the final judgment is signed by the trial court; and the petition must be filed by a party with the clerk of the court in which the judgment was rendered. *Id.; Castanon v.*

*Monsevais,* 703 S.W.2d 295, 297 (Tex.App. —San Antonio 1985, no writ).

TC filed a petition for writ of error on May 15, 1987. Reeves does not contest the fact that TC has met the above requirements. TC argues that reversible error exists because, on the face of the record, there appears neither factually nor legally sufficient evidence to support the damages awarded; in other words, TC argues that there is no evidence or, alternatively, insufficient evidence to support the damages award.

When considering a writ of error, the appellate court reviews for error apparent on the face of the record. *Castanon,* 703 S.W.2d at 297. The record includes all of the papers filed with the reviewing court. *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.1976). Although prevented from indulging presumptions in support of the judgment, when direct attack on the judgment is by writ of error, *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965), the appellate court is not limited to a search for fundamental error. An appellant is entitled to the same scope of review as in other methods of appeal. *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965); *Wall v. Wall,* 630 S.W.2d 493, 495 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

A default judgment operates as an admission of all allegations of fact set out in plaintiff's petition, except as to unliquidated damages. *Stra, Inc. v. Seafirst Commercial Corp.,* 727 S.W.2d 591, 593 (Tex.App.—Houston [1st Dist.] 1987, no writ). As to unliquidated damages, the plaintiff must present sufficient competent evidence to establish damages and, further, must, by competent evidence, prove a causal nexus between the event sued upon and the plaintiff's injuries. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 733 (Tex. 1984); TEX.R.CIV.P. 243.

Where a specific attack is made, as here, upon the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced. *Rogers*

*v. Rogers,* 561 S.W.2d 172, 173–74 (Tex. 1978); *Behar v. Patrick,* 680 S.W.2d 36, 39 (Tex.App.—Amarillo 1984, no writ). In deciding a claim of legal insufficiency of the evidence, we must consider only the evidence and inferences which, when viewed in the light most favorable to the judgment, tend to support the judgment; we must disregard all evidence and inferences to the contrary. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex. 1981). An allegation of factual insufficiency requires the court to consider all of the evidence in order to determine if the evidence supporting the finding is so weak or the evidence to the contrary so overwhelming that the judgment should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

With those standards of review in mind, we now proceed to review the testimony produced at trial. TC contends, generally, that "there are insufficient pleadings and evidence" to support the judgment entered and damages awarded and asserts error both in the judgment itself and in the trial.

Points of error one and two assert that there was no evidence or, alternatively, insufficient evidence that the defendant's conduct caused the *injury* for which damages were awarded. In its argument in support of points one and two, however, TC argues that there is no evidence, or alternatively, insufficient evidence that defendant's conduct caused the *accident* "resulting in [Reeves'] injuries." TC argues further, relying in part on the trial court's questioning of Reeves "with regard to the *liability* of defendant," that Reeves did not know what caused the accident or whether defendant was at fault. Also, TC points to the following in support of points one and two: (1) no evidence establishing Deborah Haferkamp as an employee-agent of TC as opposed to an independent contractor; (2) no evidence that defendant's agent was the driver of the truck at the time of the accident; (3) no evidence that Deborah Haferkamp was acting within the course and scope of her employment and (4) no evidence as to ownership of the truck. TC at no time, under these points, asserts a lack

of a causal nexus between the *accident* and Reeves' *injuries*. His argument is, rather, directed to lack of a causal nexus between *TC's conduct* and the *accident*. It is, therefore, clear that TC's challenge is directed to proof of liability and not to proof of damages. The default judgment acts as an admission of liability. *Stra, Inc.*, 727 S.W.2d at 593.

 Assuming, however, that TC's point does address itself to the causal nexus between the accident and Reeves' injuries, that is, to damages as opposed to liability, we find testimony in the record wherein Reeves states that his injuries were the result of the accident which is the subject of this case. Nothing in the record refutes this testimony. The evidence as to damages is, therefore, sufficient, both legally and factually. Consequently, we overrule TC's first two points of error.

In its third and fourth points of error, TC argues that there is no evidence, or insufficient evidence, to support the award of $5,060.57 for medical expenses. While there is evidence that the medical expenses were reasonable and customary, there is no testimony regarding the necessity of the medical expenses. A claim for medical expenses must be supported by evidence that those expenses were reasonably necessary for the plaintiff to incur as a result of his injuries. *Orkin Exterminating Co. v. Davis*, 620 S.W.2d 734, 737 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.). Because we agree with TC that there is no evidence before us in the record on appeal that the medical expenses were "reasonably necessary," we find the evidence as to these damages legally insufficient to support the award. Therefore, we sustain TC's third and fourth points of error.

In its fifth and sixth points of error, TC argues that there was no evidence or, in the alternative, insufficient evidence to establish support for the award of $3,300.00 for lost wages. Reeves testified as to the amount of time he was off work and that he lost $3,300.00 in wages during that time. This constitutes some evidence to support the award. As nothing in the record refutes this evidence, we must overrule the fifth and sixth points of error.

In its seventh and eighth points of error, TC argues that there was no evidence, or insufficient evidence, to support the award of $25,000.00 for pain and suffering. While it is true that no medical documentation was submitted to the court, Reeves' testimony as to the pain he suffered constituted some evidence to support the award. In the absence of any controverting evidence, the award must stand. TC's seventh and eighth points of error are overruled.

The judgment of the trial court is modified in that we find no evidence to support the award of $5,060.57 in medical expenses as being "reasonably necessary." As modified, the judgment of the trial court is affirmed.