Harold Berry v. James Gomez et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-193-CV

HAROLD BERRY APPELLANT

V.

JAMES GOMEZ, INDIVIDUALLY AND APPELLEES

AS NEXT FRIEND FOR JONATHAN GOMEZ, AND 

IRENE GOMEZ, INDIVIDUALLY AND 

AS NEXT FRIEND OF SARAH SANCHEZ 

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Harold Berry appeals from a default judgment in favor of Appellees James Gomez, individually and as next friend for Jonathan Gomez, and Irene Gomez, individually and as next friend of Sara Sanchez.  We reverse and remand.

I.  FACTUAL SUMMARY

Appellees sued Appellant for personal injuries resulting from an automobile accident.  Appellant did not file an answer or make an appearance.  The trial court entered a default judgment against Appellant, awarding Appellees $60,000.  The judgment was signed on April 11, 2002.  On June 3, 2002, Appellant timely filed his notice of a restricted appeal.
(footnote: 2)
II.  LEGAL ANALYSIS

In three issues Appellant argues that the default judgment is defective and that there is no evidence to support the trial court’s damage awards for medical expenses and pain and suffering.  Because the evidentiary challenges found in issues two and three are dispositive of the case, we address those issues first.
(footnote: 3)
 A direct attack on the trial court’s judgment via a restricted appeal must (1) be brought within six months of the trial court’s signing the judgment (2) by a party to the suit who did not participate in the trial, and (3) the error complained of must exist on the face of the record.
(footnote: 4)  A default judgment operates as an admission of all factual allegations set out in the plaintiff’s petition, except as to unliquidated damages.
(footnote: 5)  Both parties agree that the damages in this case are unliquidated.  

A.  Standards of Review

In determining a “no-evidence” issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.
(footnote: 6)  Anything more than a scintilla of evidence is legally sufficient to support the finding.
(footnote: 7) 

A “no-evidence” issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.
(footnote: 8)  There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact.
(footnote: 9) 

B.  Medical Expenses

Appellant argues in his second issue that Appellees were required but failed to present evidence of their medical expenses and the reasonableness and necessity of those expenses.  “A claim for medical expenses must be supported by evidence that those expenses were reasonably necessary for the plaintiff to incur as a result of his injuries.”
(footnote: 10)  The amount of the expenses incurred for medical treatment does not support the reasonableness of those expenses.
(footnote: 11) 

In the present case, Appellee offered two affidavits, both of which  provided only the total amount of the medical expenses incurred.  Because these affidavits were the only evidence offered and because the parties were required to offer evidence of the reasonableness and the necessity of the expenses yet failed to do so, we hold that Appellees offered no evidence with regard to the medical expenses.  We sustain Appellant’s second issue.

C.  Physical Pain and Suffering

Appellant argues in his third issue that there is no evidence to support an award for physical pain and suffering.  When proving unliquidated damages in a default judgment, a plaintiff must present sufficient competent evidence to establish a casual nexus between the event sued upon and his injuries.
(footnote: 12)  Damages must be shown by competent evidence.
(footnote: 13)  The mere fact of an injury does not prove compensable pain and suffering.
(footnote: 14)  Also, something more than a conclusory statement is required.
(footnote: 15)
 To support an award for pain and suffering, Appellees offered the affidavits of Irene and James Gomez.  Each affiant described his or her injuries as well as the injuries of their children.  In her affidavit, Irene Gomez stated, “I sustained injuries and received treatment at Harris Methodist Hospital for injuries to [m]y upper and lower back, and waist.  My total medical bills for treatment received are $1,245.20.  I am requesting judgment against Defendant for my medical bills and pain and suffering in the amount of $15,000.”  Irene also stated on behalf of her daughter, Sarah Sanchez, that 

Sarah . . . was also injured in the accident and received medical treatment in the Cook Children’s Hospital emergency room.  The total medical bills for her treatment are $428.25.  I am requesting as next friend for my daughter . . . judgment against Defendant for her medical bills and pain and suffering in the amount of $10,000. 

James Gomez’s affidavit on behalf of himself and his son differed only as to the amount of damages, which were $4,634.53 and $320.62 respectively for medical bills and $25,000 and $10,000 respectively for pain and suffering.  The trial court’s judgment awards only a lump sum amount for damages without specifying the amount awarded for medical expenses and the amount awarded for pain and suffering. 

To support their award for pain and suffering, Appellees merely stated that they were injured and received treatment.
(footnote: 16)  Without more, these statements are conclusory and do not constitute more than a mere scintilla of evidence that the plaintiffs experienced pain and suffering.
(footnote: 17)  Accordingly, we sustain Appellant’s third issue.

Appellant argues in his first issue that because the damages are unliquidated and because the trial court failed to conduct an evidentiary hearing on damages, error is apparent on the face of the record, and, consequently, the default judgment must be reversed.  Because the default judgment functions as a concession of all the facts alleged by Appellees except for the amount of damages
(footnote: 18) and because we have sustained Appellant’s second and third issues, we do not reach Appellant’s first issue.
(footnote: 19)
III.  CONCLUSION

Because we sustain Appellant’s second and third issues, we reverse the trial court’s judgment as to damages, and we remand the case for a new trial on damages.
(footnote: 20)

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

LIVINGSTON, J. dissents without opinion.

DELIVERED:  May 15, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See 
Tex. R. App. P. 
30; 
see also Franklin v. Wilcox
, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.) (stating rule that restricted appeal must be filed within six months after the trial court signs the judgment).

3:
See
 
Tex. R. App. P. 
47.1.

4:
Franklin
, 53 S.W.3d at 741 (citing 
Norman Communications v. Tex. Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997)).

5:
Morgan v. Compugraphic Corp.
, 675 S.W.2d 729, 731 (Tex. 1984);
 Transp. Concepts, Inc. v. Reeves
, 748 S.W.2d 302, 304 (Tex. App.—Dallas 1988, no writ).

6:
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). 

7:
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).

8:
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999).

9:
Orozco v. Sander
, 824 S.W.2d 555, 556 (Tex. 1992).

10:
Transp. Concepts, Inc.
, 748 S.W.2d at 305
; Carr v. Galvan
, 650 S.W.2d 864, 868 (Tex. App.—San Antonio 1983, writ ref’d n.r.e.).

11:
Dallas Ry. & Terminal Co. v. Gossett
, 294 S.W.2d 377, 383 (Tex. 1956).

12:
Morgan
, 675 S.W.2d at 732; 
Transp. Concepts, Inc.
, 748 S.W.2d at 304.

13:
See Holt
 
Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 82 (Tex. 1992) (requiring proof of loss to be shown by competent evidence).

14:
Biggs v. GSC Enters., Inc.
, 8 S.W.3d 765, 769 (Tex. App.—Fort Worth 1999, no pet.).

15:
Cf. Heine
, 835 S.W.2d at 82 (holding that when applying 
Craddock
 test, conclusory allegations are insufficient);
 Jackson v. Gutierrez
, 77 S.W.3d 898, 903 (Tex. App.—Houston [14
th
 Dist.] 2002, no pet.) (stating that a conclusory response “provides no evidence, direct or indirect,” of proposition asserted).

16:
See Biggs
, 8 S.W.3d at 769 (stating that mere evidence of injury is not enough to support an award for pain and suffering).

17:
See Martinez
, 977 S.W.2d at 334.

18:
See Transp. Concepts Inc
., 748 S.W.2d at 304.

19:
See 
Tex. R. App. P. 47.1.

20:
See Heine
, 835 S.W.2d at 86.