COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-193-CV
 
HAROLD BERRY                                                              
     APPELLANT
V.
JAMES GOMEZ, INDIVIDUALLY AND                                            APPELLEES
AS NEXT FRIEND FOR JONATHAN GOMEZ, AND
IRENE GOMEZ, INDIVIDUALLY AND
AS NEXT FRIEND OF SARAH SANCHEZ
------------
FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Harold Berry appeals from a
default judgment in favor of Appellees James Gomez, individually and as next
friend for Jonathan Gomez, and Irene Gomez, individually and as next friend of
Sara Sanchez. We reverse and remand.
I. FACTUAL SUMMARY
Appellees sued Appellant for personal
injuries resulting from an automobile accident. Appellant did not file an answer
or make an appearance. The trial court entered a default judgment against
Appellant, awarding Appellees $60,000. The judgment was signed on April 11,
2002. On June 3, 2002, Appellant timely filed his notice of a restricted appeal.(2)
II. LEGAL ANALYSIS
In three issues Appellant argues that the
default judgment is defective and that there is no evidence to support the trial
court's damage awards for medical expenses and pain and suffering. Because the
evidentiary challenges found in issues two and three are dispositive of the
case, we address those issues first.(3)
A direct attack on the trial court's
judgment via a restricted appeal must (1) be brought within six months of the
trial court's signing the judgment (2) by a party to the suit who did not
participate in the trial, and (3) the error complained of must exist on the face
of the record.(4) A default judgment operates as
an admission of all factual allegations set out in the plaintiff's petition,
except as to unliquidated damages.(5) Both
parties agree that the damages in this case are unliquidated.
A. Standards of Review
In determining a "no-evidence"
issue, we are to consider only the evidence and inferences that tend to support
the finding and disregard all evidence and inferences to the contrary.(6)
Anything more than a scintilla of evidence is legally sufficient to support the
finding.(7)
A "no-evidence" issue may only
be sustained when the record discloses one of the following: (1) a complete
absence of evidence of a vital fact; (2) the court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere scintilla
of evidence; or (4) the evidence establishes conclusively the opposite of a
vital fact.(8) There is some evidence when the
proof supplies a reasonable basis on which reasonable minds may reach different
conclusions about the existence of the vital fact.(9)
B. Medical Expenses
Appellant argues in his second issue that
Appellees were required but failed to present evidence of their medical expenses
and the reasonableness and necessity of those expenses. "A claim for
medical expenses must be supported by evidence that those expenses were
reasonably necessary for the plaintiff to incur as a result of his
injuries."(10) The amount of the expenses
incurred for medical treatment does not support the reasonableness of those
expenses.(11)
In the present case, Appellee offered two
affidavits, both of which provided only the total amount of the medical expenses
incurred. Because these affidavits were the only evidence offered and because
the parties were required to offer evidence of the reasonableness and the
necessity of the expenses yet failed to do so, we hold that Appellees offered no
evidence with regard to the medical expenses. We sustain Appellant's second
issue.
C. Physical Pain and Suffering
Appellant argues in his third issue that
there is no evidence to support an award for physical pain and suffering. When
proving unliquidated damages in a default judgment, a plaintiff must present
sufficient competent evidence to establish a casual nexus between the event sued
upon and his injuries.(12) Damages must be shown
by competent evidence.(13) The mere fact of an
injury does not prove compensable pain and suffering.(14)
Also, something more than a conclusory statement is required.(15)
To support an award for pain and
suffering, Appellees offered the affidavits of Irene and James Gomez. Each
affiant described his or her injuries as well as the injuries of their children.
In her affidavit, Irene Gomez stated, "I sustained injuries and received
treatment at Harris Methodist Hospital for injuries to [m]y upper and lower
back, and waist. My total medical bills for treatment received are $1,245.20. I
am requesting judgment against Defendant for my medical bills and pain and
suffering in the amount of $15,000." Irene also stated on behalf of her
daughter, Sarah Sanchez, that

 Sarah . . . was also injured in the
 accident and received medical treatment in the Cook Children's Hospital
 emergency room. The total medical bills for her treatment are $428.25. I am
 requesting as next friend for my daughter . . . judgment against Defendant for
 her medical bills and pain and suffering in the amount of $10,000.

James Gomez's affidavit on behalf of
himself and his son differed only as to the amount of damages, which were
$4,634.53 and $320.62 respectively for medical bills and $25,000 and $10,000
respectively for pain and suffering. The trial court's judgment awards only a
lump sum amount for damages without specifying the amount awarded for medical
expenses and the amount awarded for pain and suffering.
To support their award for pain and
suffering, Appellees merely stated that they were injured and received
treatment.(16) Without more, these statements
are conclusory and do not constitute more than a mere scintilla of evidence that
the plaintiffs experienced pain and suffering.(17)
Accordingly, we sustain Appellant's third issue.
Appellant argues in his first issue that
because the damages are unliquidated and because the trial court failed to
conduct an evidentiary hearing on damages, error is apparent on the face of the
record, and, consequently, the default judgment must be reversed. Because the
default judgment functions as a concession of all the facts alleged by Appellees
except for the amount of damages(18) and because
we have sustained Appellant's second and third issues, we do not reach
Appellant's first issue.(19)
III. CONCLUSION
Because we sustain Appellant's second and
third issues, we reverse the trial court's judgment as to damages, and we remand
the case for a new trial on damages.(20)
 
                                                           LEE
ANN DAUPHINOT
                                                           JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
               
LIVINGSTON, J. dissents without opinion.
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. R. App. P. 30; see also Franklin
v. Wilcox, 53 S.W.3d 739, 741 (Tex. App.--Fort Worth 2001, no pet.)
(stating rule that restricted appeal must be filed within six months after the
trial court signs the judgment).
3. See Tex. R. App. P. 47.1.
4. Franklin, 53 S.W.3d at 741 (citing Norman
Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)).
5. Morgan v. Compugraphic Corp., 675 S.W.2d 729,
731 (Tex. 1984); Transp. Concepts, Inc. v. Reeves, 748 S.W.2d 302, 304
(Tex. App.--Dallas 1988, no writ).
6. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex.
2001); Cont'l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex.
1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).
7. Cazarez, 937 S.W.2d at 450; Leitch v.
Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).
8. Uniroyal Goodrich Tire Co. v. Martinez, 977
S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 T
EX. L. REV.
361, 362-63 (1960)), cert. denied, 526 U.S. 1040 (1999).
9. Orozco v. Sander, 824 S.W.2d 555, 556 (Tex.
1992).
10. Transp. Concepts, Inc., 748 S.W.2d at 305; Carr
v. Galvan, 650 S.W.2d 864, 868 (Tex. App.--San Antonio 1983, writ ref'd
n.r.e.).
11. Dallas Ry. & Terminal Co. v. Gossett,
294 S.W.2d 377, 383 (Tex. 1956).
12. Morgan, 675 S.W.2d at 732; Transp.
Concepts, Inc., 748 S.W.2d at 304.
13. See Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 82 (Tex. 1992) (requiring proof of loss to be shown by competent
evidence).
14. Biggs v. GSC Enters., Inc., 8 S.W.3d 765,
769 (Tex. App.--Fort Worth 1999, no pet.).
15. Cf. Heine, 835 S.W.2d at 82 (holding that
when applying Craddock test, conclusory allegations are insufficient); Jackson
v. Gutierrez, 77 S.W.3 d 898, 903 (Tex. App.--Houston [14th
Dist.] 2002, no pet.) (stating that a conclusory response "provides no
evidence, direct or indirect," of proposition asserted).
16. See Biggs, 8 S.W.3d at 769 (stating that
mere evidence of injury is not enough to support an award for pain and
suffering).
17. See Martinez, 977 S.W.2d at 334.
18. See Transp. Concepts Inc., 748 S.W.2d at
304.
19. See Tex. R. App. P. 47.1.
20. See Heine, 835 S.W.2d at 86.