NO. 07-07-0060-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 25, 2008
_____

JOHN DAMON SWINNEA, APPELLANT

V.

JOE G. FLORES, JR., APPELLEE
_____

FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-06-002515; HONORABLE GISELA TRIANA, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

John Damon Swinnea, appellant, brings this restricted appeal from a default judgment awarded appellee Joe G. Flores in a suit following an auto collision. We will affirm in part and reverse and remand in part.

Factual and Procedural Background

Flores was driving on North IH-35 in Austin on July 16, 2004, and stopped when traffic in front of him stopped. Swinnea, driving an eighteen-wheeler, rear-ended Flores's vehicle, pushing it into the vehicle ahead and finally pushing the front of Flores's vehicle

up onto the guard rail of the upper deck of the interstate highway. Flores sued Swinnea in July 2006, seeking recovery for the personal injuries he sustained in the collision. Although personally served, Swinnea did not answer the suit or otherwise appear. In October 2006, Flores came before the trial court requesting a no-answer default judgment. He testified and presented documentary evidence in support of his requested damages. His testimony described both physical and mental injuries resulting from the collision. Flores agreed with his counsel that he still had "a difficult time driving in any kind of high traffic situation," and agreed he left his job as a chaplain at an Austin hospice "for that reason." To his counsel's question asking whether he "continue[d] to suffer flashbacks and great anxiety regarding this particular incident," Flores responded, "To the 18-wheelers, yes."

At the conclusion of the hearing, Flores presented the trial court a list of the damages he sought, by category and amount, as follows:

| | |
|---|---|
| Past Medical Expenses: | 10,742.45 |
| Loss of Earning Capacity: | 298,586.41 |
| Past Pain Suffering (sic): | 50,000.00 |
| Past Physical Impairment: | 25,000.00 |
| Future Pain & Suffering: | 200,000.00 |

2

The court's judgment recited that Flores was entitled to $85,742.45 for "past damages" and $498,586.46 in "future damages," and granted judgment for $584,328.91. Within the time provided by rule,[1] Swinnea filed this restricted appeal from the default judgment.

Analysis

Via his single point of error, Swinnea challenges the legal and factual sufficiency of the evidence to support the award of $584,328.91 in damages. To prevail on his restricted appeal, Swinnea must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). Swinnea satisfies the first three requirements for a restricted appeal. Only the fourth requirement is at issue: whether Swinnea has demonstrated on the face of the record that the trial court erroneously entered a default judgment against him.

While we may consider only the face of the record, review by a restricted appeal affords an appellant the same scope of review as an ordinary appeal; that is, a review of the entire case. *Norman Communications v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (applying prior rule). The face of the record, for purposes of restricted appeal review, consists of all the papers on file in the appeal, including the reporter's record. *Id.*

---

[1] Tex. R. App. P. 26.1, 30.

When a no-answer default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except for the amount of damages. *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 497-98 (Tex.App.–Amarillo 2000, no pet.), *citing Tex. Commerce Bank, Nat'l. Assn. v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam); *Transport Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 305 (Tex. App.–Dallas 1998, no writ, no pet.); Tex. R. Civ. P. 243 (if cause of action is unliquidated, court "shall hear evidence as to damages"). The legal and factual sufficiency of evidentiary support for the amount of unliquidated damages may be challenged on appeal. *Dawson v. Briggs,* 107 S.W.3d 739, 748 (Tex.App.–Fort Worth 2003, no pet.); *Arenivar*, 23 S.W.3d at 498. A restricted appeal may include review of legal and factual sufficiency claims. *Norman Communications*, 955 S.W.2d at 270.

The parties agree that the damages awarded here comported with the itemization in Flores's exhibit. Swinnea challenges the sufficiency of the evidence supporting each element of damages awarded.[2]

---

[2] Generally, when a trial court does not itemize the damages awarded in a default judgment, it is impossible to determine what portion of the damages was ascribed to each ground of recovery claimed by the plaintiff. *See K-Mart Apparel Fashions Corp. v. Ramsey,* 695 S.W.2d 243, 247 (Tex. App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.). However, when, as here, the plaintiff specifically requests and apparently receives certain amounts for particular elements of damages in a default judgment hearing pursuant to Rule of Civil Procedure 243, we may review the sufficiency of the evidence to support the specific awards requested and apparently received. *Dawson,* 107 S.W.3d at 749. We will do so for each category of damages here.

*Legal and Factual Sufficiency of the Evidence*

In a legal sufficiency review, we view the evidence in a light most favorable to the judgment and indulge every reasonable inference to support it, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex. 1996). When evidence is so weak as to do no more than create "a mere surmise or suspicion" that a fact exists, the evidence does not exceed a scintilla. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004), *quoting Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). In determining a factual sufficiency challenge, we consider all of the evidence to determine if the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the judgment should be set aside and a new trial ordered. *Dawson,* 107 S.W.3d at 748. When a specific attack is made on the legal and factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, we must review the evidence produced. *Id.* at 751. *See generally Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757 (Tex. 2003), *citing Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency of evidence supporting damages).

*Causal Nexus*

When damages are unliquidated, the plaintiff must present evidence of the "causal nexus" between the event sued upon and the plaintiff's injuries. *Morgan v. Compugraphic*

5

*Corp.,* 675 S.W.2d 729, 732 (Tex. 1984). This is because when judgment is by default, a personal-injury defendant admits only that the defendant caused the event that led to the suit, not that there exists a connection between the event and the damages.[3] *Id. Transport Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 305 (Tex.App.–Dallas 1998, no writ). The personal-injury plaintiff must both offer competent proof of damages and connect the damages sustained to the defendant's conduct. *Id.*; *Jackson v. Gutierrez,* 77 S.W.3d 898, 902 (Tex.App.–Houston [14th Dist.] 2002, no pet.). A challenge to the legal and factual sufficiency of the evidence to show this causal nexus is examined using the same standards applicable to any sufficiency challenge. *Jackson,* 77 S.W.3d at 902.

*Medical Expenses*

On appeal, Flores concedes the evidence presented to the trial court was legally insufficient to support the award of past medical expenses because it did not establish the reasonableness and necessity of the expenses. We agree.

At the default judgment hearing, Flores did not provide expert testimony to establish the reasonableness and necessity of his past medical expenses nor did he submit an affidavit compliant with Civil Practice and Remedies Code § 18.001 for that purpose. Tex.

---

[3] The *Morgan* court stated, "[t]he causal nexus between the event sued upon and the plaintiff's injuries is strictly referable to the damages portion of the plaintiff's cause of action. Even if the defendant's liability has been established, proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled. This is true because the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit, that the defendant has defaulted does not give the plaintiff the right to recover for damages which did not arise from his cause of action." *Morgan,* 675 S.W.2d at 732.

Civ. Prac. & Rem. Code Ann. § 18.001 (Vernon Supp. 2007). Even in the default judgment context, a claim for past medical expenses must be supported by evidence that they were reasonable and necessary as a result of the injury. *Whitaker v. Rose,* 218 S.W.3d 216, 223 (Tex.App.–Houston [14th Dist.] 2007, no pet.); *Transport Concepts,* 748 S.W.2d at 305. In the absence of the required evidence of reasonableness and necessity, Flores's evidence was legally insufficient to support the award of damages for past medical expenses, *Whitaker*, 218 S.W.3d at 223, and we must reverse the award of those damages.

*Loss of Future Earning Capacity*

Lost earning capacity concerns the impairment to one's ability to work. *Koko Motel, Inc. v. Mayo,* 91 S.W.3d 41, 51 (Tex.App.–Amarillo 2002, pet. denied). It entails the consideration of what the plaintiff's capacity to earn a livelihood actually was and assesses the extent to which it was impaired. *Id.* Factors such as pain, weakness, diminished function ability, or similar showings that indicate that plaintiff's capacity to get and hold a job, or his capacity for duration, consistency or efficiency of work was impaired, may be considered. *Springer v. Baggs,* 500 S.W.2d 541, 545 (Tex.Civ.App.–Texarkana 1973, writ ref'd n.r.e.). However, calculating the extent of impairment of earning capacity constitutes an exercise in uncertainty. *McIver v. Gloria,* 169 S.W.2d 710, 712 (Tex. 1943).

Swinnea contends on appeal that the evidence presented at the hearing is insufficient to support the trial court's award for lost earning capacity in the future.

Underlying his argument is a contention that Flores has failed to show the casual nexus between the collision and his losses under this category of damages.

Flores was 51 at the time of the accident. He was retired from his work as a grant writer for an agency of the State of Texas. Flores holds a degree in psychology and a master's degree in social work, and is a licensed social worker. At the time of the collision, Flores was working part-time as a chaplain at an Austin hospice. He also had worked as a deacon of his church. After the collision, he worked for a time at a parish outside Austin.

Swinnea contends on appeal that Flores's lost earning capacity damages depend entirely on the evidence provided by the report of Felix Vallejo, a licensed professional counselor.[4] Swinnea first argues that Vallejo's report is not competent evidence because it is unverified. Citing *Texas Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 516-17 (Tex. 1999) (per curiam), he notes that affidavits alone may provide sufficient evidence to support an unliquidated damages award at a default judgment hearing, but argues that Vallejo's unsworn report cannot. Swinnea's premise is faulty. Flores did not rely solely on Vallejo's report. As noted, Flores testified at the hearing.[5] He agreed with his counsel that Vallejo "spent some time with you" evaluating his mental condition and "how this has affected your ability to earn a living[.]" He agreed also that, at his request, Vallejo prepared

---

[4] Flores's testimony at the hearing identified Vallejo also as a licensed vocational rehabilitation specialist. Swinnea's brief notes that Vallejo's qualifications to provide expert opinion testimony "have not been established," but Swinnea does not further challenge Vallejo's report based on his lack of qualifications.

[5] No oral testimony was taken at the default judgment hearing in *Texas Commerce*. *See Texas Commerce,* 3 S.W.3d at 515.

8

the report "assessing your loss of earning capacity," and identified the report, which thereupon was offered and admitted into evidence.

Swinnea next argues Vallejo's report provides no evidence because it is conclusory. We cannot agree. The four-page report, dated August 21, 2005, refers to three interviews during July and August of 2005. It contains a section containing Flores's description of the vehicle collision and his subsequent treatment, and a section reciting his statements concerning his physical and mental condition.[6] In its section providing a "vocational analysis," the report describes the symptoms Vallejo found to be of particular importance to an analysis of Flores's earning capacity, at least some of which symptoms Flores attributed to the trauma associated with the collision. The report describes in some detail Vallejo's manner of calculating the $298,586.41 lost earning capacity. Swinnea cites *Lefton v. Griffith*, 136 S.W.3d 271, 277 (Tex.App.–San Antonio 2004, no pet.), in which the court found conclusory the plaintiff's affidavit statement that her store inventory "was worth $300,000." *Id*. at 276. Unlike that affidavit, Vallejo's report sets forth the facts on which its conclusions are based. *See Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 532 (Tex.App.–Houston [1st Dist.] 2007, no pet.) (finding testimony consisted of statements of affirmative facts and thus was not conclusory).

Vallejo's report provides competent evidence. The weight to be given it was a matter for the trial court's determination, subject to our review of its sufficiency, taken

---

[6] During his testimony, Flores agreed with his counsel that the most serious injury he suffered from the accident was post-traumatic stress disorder. Vallejo's report states the PTSD diagnosis. Another record, from mental health assessment conducted a week after the accident, contains a similar "diagnostic impression."

9

together with the other record evidence.  *Thomas v. Martinez,* 217 S.W.3d 680, 683 (Tex.App.–Dallas 2007, pet. stricken).  *See also Williams v. McSwain,* 596 S.W.2d 583 (Tex.Civ.App.–Beaumont 1980, no pet.) (in a non-jury case, the trial court is the judge of credibility of witnesses and weight to be given their testimony; the trial court may draw any reasonable inferences from the evidence).  Swinnea's other complaints, that Vallejo's conclusions are based on inadequate information, that Flores's symptoms are attributable to other factors and that the lost earning capacity calculation was based on earnings from a career from which Flores had been retired for several years,[7] are contentions the report should be given little weight.  There is documentary evidence that Flores was medically released to return to work within a few weeks of the collision.  Too, the record contains medical records from which the trial court could have determined that at least some of Flores's mental health symptoms discussed in Vallejo's report predated the collision.[8] Having reviewed all the evidence, however, we cannot say it is factually insufficient. Swinnea's second issue is overruled.

---

[7] The section of Swinnea's brief containing this complaint confuses lost earnings with loss of earning capacity.  *See Plainview Motels, Inc. v. Reynolds*, 127 S.W.3d 21, 35 (Tex.App.–Tyler 2003, pet. denied); *Border Apparel-East, Inc. v. Guadian*, 868 S.W.2d 894, 897 (Tex.App.–El Paso 1993, no writ) (both distinguishing the two categories of damages).

[8] The records show that Flores had sought treatment for depression during several years before the accident, and an April 2000 psychiatric evaluation in the record notes positive findings for "decreased concentration/indecisiveness" and "distractability."

*Pain and Suffering (Past and Future)*

The process of awarding damages for amorphous, discretionary injuries, such as mental anguish or pain and suffering, is inherently difficult because the alleged injury is a subjective, unliquidated and nonpecuniary loss. *Dollison v. Hayes,* 79 S.W.3d 246, 249 (Tex.App.–Texarkana 2002, no pet.). The presence or absence of pain, either physical or mental, is an inherently subjective question because the process is not readily susceptible to objective analysis. *Dawson*, 107 S.W.3d at 751. Accordingly , the trier of fact is given broad discretion when determining such damages. *Southwest Tex. Coors, Inc. v. Morales,* 948 S.W.2d 948, 951-52 (Tex.App.–San Antonio 1997, no writ). *See also Rosenboom Mach. & Tool, Inc. v. Machala,* 995 S.W.2d 817, 829 (Tex.App.–Houston [1ˢᵗ Dist.] 1999, pet. denied) (matters of pain and suffering are necessarily speculative, and it is within the province of the fact finder to set the amount of such damages).

Here, Flores put on evidence he suffered physical injuries including trauma to his neck, back, jaw and abdomen. His testimony and the medical records show he developed a large contusion on his abdomen, necessitating diagnostic testing to rule out internal injuries. The testimony specifically concerning his pain and suffering from his injuries is scant, consisting of the following:

> Q.  Although your physical injuries were great and continue to this day, including your neck pain–
> A.  And jaw.
> Q.  –and jaw, the most serious injury you suffered was post-traumatic stress disorder; is that right?
> A.  Correct.

11

Flores's medical records contain references to his pain. An emergency room record indicates he complained of pain in his neck, elbow and knee, assessed at a level of 4 on a scale of 10. Pain medication was prescribed. A medical record dated July 28, twelve days after the accident, indicates he then complained of mild but constant pain in his abdomen. Flores saw a chiropractor during the period July 20, 2004 through September 29, 2004. His report recites complaints of neck and shoulder pain, and headaches. It states also that Flores had "little or no pain" when last seen on September 29. Vallejo's report, however, based on his interviews with Flores just over a year after the accident, also makes reference to pain in Flores's neck, right jaw and shoulder and indicates the pain affected Flores's sleep. We conclude the evidence is legally and factually sufficient to support the trial court's award of $50,000 for past pain and suffering. *See Dawson*, 107 S.W.3d at 751-52; *Owens-Corning Fiberglass Corp. v. Martin,* 942 S.W.2d 712, 719 (Tex.App.–Dallas 1997, no writ), *citing Gonzales v. Southwestern Bell Tel. Co.,* 555 S.W.2d 219, 223 (Tex.App.–Corpus Christi 1977, no writ) (award for damages such as pain and suffering should not be disturbed unless they are excessive).

Although damages awarded for pain in the future are necessarily speculative, there must be some objective evidence that an injury will continue to adversely affect the party claiming such damages. *Goldberg v. Dicks*, No. 12-02-00053-CV, 2004 WL 253250 (Tex.App.–Tyler, Feb. 11, 2004, pet. denied) (mem. op.); *Strahan v. Davis*, 872 S.W.2d 828, 834 (Tex.App.–Waco 1994, writ denied). *See also Saenz v. Fidelity & Guar. Ins*. *Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (requiring meaningful evidentiary review of determinations of reasonable compensation). No additional evidence was presented

12

to support the $200,000 damages awarded for future pain and suffering. Having considered all the evidence before the court, we find the evidence supporting those damages to be so weak as to require they be set aside. *Dawson,* 107 S.W.3d at 748.[9]

We overrule Swinnea's issue as to the trial court's award for past pain and suffering damages but sustain it as to the award for future pain and suffering damages.

*Physical Impairment*

To recover for physical impairment, the plaintiff must show that the effect of the physical impairment is substantial and extends beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity. *Golden Eagle Archery,* 116 S.W.3d at 772. Physical impairment is an element of damages that extends beyond loss of earning capacity and pain and suffering to the extent that it produces a separate loss that is substantial or extremely disabling. *Dollison,* 79 S.W.3d at 253. Loss of enjoyment of life is a factor that may be considered in awarding damages for physical impairment. *Golden Eagle Archery,* 116 S.W.3d at 772. A party claiming such damages bears the burden of proving a compensable injury. *Dollison,* 79 S.W.3d at 253.

---

[9] Flores plead for mental anguish damages. At the hearing no separate request was made for damages for mental anguish, and the trial court awarded no such damages. Flores's brief on appeal refers to mental anguish, however. We express no opinion whether the evidence would have supported an award for mental anguish damages. But because evidence of non-economic damages may overlap categories, *Golden Eagle Archery,* 116 S.W.3d at 770, we specifically have considered Flores's testimony about his anxiety and "flashbacks" regarding heavy traffic and 18-wheelers in our evaluation of the evidence supporting the trial court's award of $200,000 future pain and suffering damages.

On appeal, in support of the $25,000 the trial court awarded for physical impairment, Flores points to his testimony concerning the collision's disruption of his work as a chaplain, the sentence in Vallejo's report noting that pain had affected Flores's sleep and the chiropractor's narrative describing tissue injuries from the collision. We agree with Swinnea that this is not evidence of a separate loss extending beyond pain and suffering or lost earning capacity. When we find no evidence supporting an element of damages awarded in an uncontested default judgment, rather than render a take-nothing judgment, we are to remand. *Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex. 1992).[10]

Conclusion

We affirm the trial court's judgment as to Swinnea's liability, and as to its awards of $50,000 as damages for past pain and suffering, and $298,586.41 for loss of earning capacity in the future. We reverse the remaining damages awards, and remand the cause to the trial court.

James T. Campbell
Justice

---

[10] An appellate court may assume the trial court disregarded a category of damages as to which there was no evidence when there is no indication the court made any award for that category, *Ramsey,* 695 S.W.2d at 247. As noted, however, it is apparent the trial court here awarded the damages Flores listed for the court, including $25,000 for physical impairment. *Dawson,* 107 S.W.3d at 749.