

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00262-CV

———————————————

VIASO TRANSPORTATION SOLUTIONS, LLC AND AVANZA
CONSTRUCTION & EARTHWORK, LLC, Appellants

V.

ANCORTEX, INC., Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-321104-20

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

This is a restricted appeal in which Appellants Viaso Transportation Solutions, LLC and Avanza Construction & Earthwork, LLC (collectively Appellants) appeal from a default judgment entered against them and in favor of Appellee Ancortex, Inc. on its negligence claims against Appellants. Appellants were responsible for transporting Ancortex's drilling rig (the Casagrande); during transport, a train struck the Casagrande. On appeal, Appellants argue that (1) Ancortex failed to present evidence of a causal nexus between the train accident and the Casagrande's damages and (2) the testimony concerning rental cost, economic loss, and lost profits was conclusory. Because we hold that Ancortex failed to present legally sufficient evidence that its unliquidated damages were caused by the accident, we reverse the trial court's default judgment in part without reaching Appellants' second issue, and we remand the case to the trial court for further proceedings as set forth below. *See* Tex. R. App. P. 43.2(d), 47.1.

## II. Background

In May 2020, Appellants' driver, Carlos Cabello,[1] transported Ancortex's Casagrande from San Antonio to Fort Worth on a lowboy trailer.[2] To reach his

---

[1] The record does not specify which of the two Appellants Cabello worked for.

[2] Compared to other trailers, a lowboy is extremely low to the ground; this design allows the trailer to haul heavy equipment with high clearances.

destination, Cabello decided to take a route that required him to drive over an elevated railroad crossing. The lowboy trailer carrying the Casagrande was unable to clear the elevated railroad crossing and became stuck on the crossing. Shortly thereafter, an oncoming train struck the lowboy trailer, knocking the Casagrande off the trailer.

In October 2020, Ancortex filed a negligence suit against Appellants and Cabello. Ancortex's petition contains photos of the scene and of the Casagrande immediately after the accident. Ancortex served Appellants and Cabello;[3] however, Appellants and Cabello failed to answer. Ancortex then filed a motion for default judgment seeking, among other things, $229,020.28 in damages. Attached to Ancortex's motion for default judgment was an affidavit by Ancortex's Chief Executive Officer Manuel Galrito. The affidavit stated the following:

> 1. My name is Manuel Galrito. . . . As the President/CEO[,] I participated in the accident investigation, obtained repair bids for Ancortex's Casagrande C6, calculated Ancortex's economic costs *incurred as a result of [Appellants'] negligence*, and calculated Ancortex's lost profits.
>
> 2. The cost to repair the Casagrande C6 totaled $157,690.28. A true and correct copy of Rodrill Inc.'s repair quote is attached hereto a[s] Exhibit 1.
>
> 3. The cost to rent another Casagrande C6 was $49,000.00.
>
> 4. The economic costs incurred by Ancortex *arising from [Appellants'] negligence* totaled $12,730.00.

---

[3]Cabello is not part of this appeal.

5.    Ancortex suffered $9,600.00 in lost profits *arising from [Appellants'] negligence.*

6.  The total amount of damages suffered by [Ancortex] *caused by [Appellants'] negligence* is $229,020.28.  [Emphases added.]

Attached to Galrito's affidavit was a repair quote dated two months after the train accident.  The quote listed the costs and descriptions of twelve separate repairs.[4] Appellants did not plead a liquidated damages amount.

In April 2021, the trial court granted Ancortex's motion for default judgment awarding, among other things, $229,020.28 in damages to Ancortex.  Four months later, Appellants perfected this restricted appeal.

### III.  Jurisdiction over Appellants' Restricted Appeal

To prevail on a restricted appeal, an appellant must show that (1) it filed notice of the restricted appeal within six months after the default judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the default judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record.  Tex. R. App. P. 26.1(c), 30; *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).  The first three elements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not.  *Ex parte E.H.*, 602 S.W.3d 486, 496–97

---

[4]The repair quote listed itemized charges such as "1 track chain with shoes including the repair of the [hydraulic] rotors and tensioner" for $12,320.50 and "[c]omplete [e]ngine [c]owling" for $44,500.

(Tex. 2020). Here, the first three elements are not in dispute. Accordingly, we have jurisdiction over Appellants' restricted appeal.

## IV. Standard of Review

A legal-sufficiency challenge—that is, a no-evidence challenge—fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We indulge "every reasonable inference deducible from the evidence" in support of the challenged finding. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018).

Anything more than a scintilla of evidence is legally sufficient to support a finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996); *see also 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016) ("The evidence is legally sufficient if . . . there is more than a scintilla of evidence on which a reasonable juror could find the fact to be true."). Scintilla means a spark or trace. *Scintilla*, Black's Law Dictionary (10th ed. 2014). More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Rocor Int'l, Inc. v. Nat'l Union Fire Ins.*, 77 S.W.3d 253, 262 (Tex. 2002); *Merrell Dow Pharms., Inc. v. Havner*,

5

953 S.W.2d 706, 711 (Tex. 1997). On the other hand, when the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

## V. No Evidence of Causal Nexus Between Accident and Damages

In their first issue, Appellants contend that Ancortex failed to present evidence establishing a causal nexus between liability and damages. Ancortex responds that photographs in its petition and Galrito's affidavit established that causal nexus. Because the photographs were not introduced into evidence and because Galrito's affidavit consists of conclusory statements concerning the Casagrande's damages, we agree with Appellants that Ancortex failed to establish a causal nexus between liability and damages.

### A. Law on Causal Nexus

In a negligence action, plaintiffs must prove two distinct causal nexuses. *See Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984)). The first is "a causal nexus between the defendant's conduct and the event sued upon"—the liability portion of a plaintiff's claim. *Id.* (quoting *Morgan*, 672 S.W.2d at 731). The second is "a causal nexus between the event sued upon and the plaintiff's [damages]"—the damages portion of a plaintiff's claim. *Id.* In a default judgment, the defendant "admits all allegations of

6

fact set out in the [plaintiff's] petition," including a causal nexus establishing liability. *Morgan*, 672 S.W.2d at 731; *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). However, the default does not admit a causal nexus establishing unliquidated damages.[5] *Morgan*, 675 S.W.2d at 731; *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)); *cf. Atwood v. B&R Supply & Equip. Co.*, 52 S.W.3d 265, 268 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) ("A claim is unliquidated if the amount of damages cannot be accurately calculated by the trial court from the factual allegations in the plaintiff's petition and the written contract."). Accordingly, a plaintiff must establish by competent evidence a causal nexus between liability and damages. *Morgan*, 675 S.W.2d at 732; *see also Alvarez v. Agyemang*, No. 02-19-00301-CV, 2020 WL 719440, at *2 (Tex. App—Fort Worth Feb. 13, 2020, no pet.) (mem. op.) (citing *Morgan*, 675 S.W.2d at 732).

## B.    Analysis

The trial court's default judgment operated as an admission of all allegations of fact set out in Ancortex's petition, including a causal nexus between Appellants' conduct and the train accident; however, the default judgment did not operate as an admission of the causal nexus between the accident and the damages or the specific

---

[5]A default judgment also does not admit damages unless the claim is "liquidated and proved by an instrument in writing." *Kang v. Khazem*, No. 05-95-01697-CV, 1997 WL 488604, at *3 (Tex. App.—Dallas Aug. 27, 1997, no writ) (not designated for publication); *see also* Tex. R. Civ. P. 241. As noted above, Appellants did not plead a liquidated damages amount.

amount of Ancortex's unliquidated damages. *See Alvarez*, 2020 WL 719440, at \*2; *see also Paradigm*, 372 S.W.3d at 183; *Heine*, 835 S.W.2d at 83. Ancortex was therefore required to prove the amount of unliquidated damages, and part of proving that amount was offering sufficient evidence of a causal nexus between the train accident and Ancortex's damages. *See Alvarez*, 2020 WL 719440, at \*2; *see also* Tex. R. Civ. P. 243; *Dolgencorp*, 288 S.W.3d at 930; *Morgan*, 675 S.W.2d at 732.

Because the photos were not admitted into evidence, they do not exist for purposes of our review and therefore constitute no evidence. Further, the photographs in the petition cannot be used to support a causal nexus between the train accident and Ancortex's damages because the petition alleges only that the photographs depict the damaged Casagrande. In relying on these photographs, Ancortex conflates allegations with evidence. By defaulting, Ancortex's petition's allegations admit only liability, not that the accident caused the damages to the Casagrande. *See Alvarez*, 2020 WL 719440, at \*3 (holding that appellees' allegation in their petition—that their injuries were caused by the accident—was not sufficient to prove a connection between liability and damages); *see also Morgan*, 675 S.W.2d at 732–33 (recognizing in default-judgment review that petition's allegation established causal nexus between defendant's conduct and cause of action but did not establish nexus between cause of action and injuries). Additionally, the photos do not establish that the repairs listed in the repair quote were to repair damage caused by the train accident.

8

Furthermore, Galrito's affidavit constitutes no evidence because it is conclusory. Although affidavit testimony may be legally sufficient to show causation, that is only the case when testimony is more than conclusory. *Compare Morgan*, 675 S.W.2d at 733 (holding that plaintiff's testimony was legally sufficient to establish causal nexus), *with City of San Antonio v. Pollock*, 284 S.W.3d 809, 820 (Tex. 2009) (holding that conclusory expert testimony constitutes no evidence in proving causation). "A conclusory statement asserts a conclusion with no basis or explanation." *Windrum v. Kareh*, 581 S.W.3d 761, 768 (Tex. 2019) (citing *Pollock*, 284 S.W.3d at 818). Conclusory testimony constitutes no evidence and cannot support a judgment. *Pollock*, 284 S.W.3d at 818. On appeal, a party may challenge testimony to be conclusory even if it did not object to the admission of that testimony. *Id.* at 816. Here, Galrito's affidavit lists four distinct types of damages: (1) Casagrande repair costs, (2) rental replacement costs, (3) economic costs, and (4) lost profits. While Galrito's testimony explicitly states that economic costs and lost profits arose from Appellants' negligence, his testimony regarding the costs for repairs and rental replacement does not explicitly mention anything relating to causation. Ancortex concedes that no evidence supports the economic costs and lost profits awarded. Beyond the measures for which Ancortex concedes that there was no evidence, Galrito's affidavit states no more about causation than that "[t]he total amount of damages suffered by [Ancortex] caused by [Appellants'] negligence is $229,020.28." Thus, even though Galrito provided testimony that all of Ancortex's damages were

9

"caused" by Appellants' negligence, this testimony offers no factual support for that conclusion; the affidavit provides no facts to establish a link between the accident and the repairs sought nor the amount sought to rent another drilling rig. Therefore, Galrito's testimony is conclusory.

Ancortex relies on *Transport Concepts, Inc. v. Reeves* to support its proposition that Galrito's testimony is legally sufficient. 748 S.W.2d 302, 305 (Tex. App.—Dallas 1988, no writ). *Reeves* does not control here. In *Reeves*, Transport Concepts appealed from a default judgment in which it was liable for damages to Reeves, Transport Concepts's employee. *Id.* at 303. Reeves filed a negligence action against Transport Concepts arising from a vehicle accident in which Reeves was a passenger being driven by another employee.[6] *Id.* On appeal, Transport Concepts challenged the causal nexus supporting liability that was already proven through default. *Id.* at 304–05. In dicta, the Dallas Court of Appeals went on to address whether any proffered evidence supported a causal nexus connecting the accident and Reeves's injuries—the damages portion of Reeves's claim. *Id.* at 305. The court held that Reeves's unrefuted testimony—that "his injuries were the result of the accident"—was legally sufficient to support the damages portion of his claim. *Id.* *Reeves* is distinguishable from this case because it did not address conclusory testimony.

---

[6]Reeves also filed suit against the employee; however, the employee did not appeal. *Reeves*, 748 S.W.2d at 303.

10

It is well-settled law that conclusory testimony constitutes no evidence. *Cf. McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 394 (Tex. 2019) ("[I]t is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection." (quoting *Dall. Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 380 (Tex. 1956))); *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 159–61 (Tex. 2012) (holding that property owners' conclusory testimony on the value of their property constituted no evidence); *Heine*, 835 S.W.2d at 84 (holding that a business owner's conclusory testimony on lost profits constituted no evidence). Therefore, Galrito's affidavit constitutes no evidence and cannot be used to support a causal nexus between the train accident and Ancortex's damages.

Attached to Galrito's affidavit was an itemized quote listing costs for the Casagrande's repairs dated two months after the collision. While Ancortex would like us to infer causation from the quote, this court, in *Alvarez*, has already addressed that an itemized quote like this constitutes no evidence. 2020 WL 719440, at \*3. There, appellants Carlos and Judith Alvarez appealed from a default-judgment negligence claim arising from a vehicle accident. *Id.* at \*1. The appellees proffered itemized medical bills dated the same day as the accident to support the finding that their injuries were caused by the accident. *Id.* Although the medical bills were dated the same day as the collision, this court reversed the default judgment, holding the medical bills insufficient to prove that the "medical costs were caused by or as a result

11

of the car accident." *Id.* at *3. This court reasoned that "[t]he bills merely reflect[ed] the fact of the incurred charges," not legally sufficient evidence "of a causative link to the accident." *Id.* Like the medical bills in *Alvarez*, the quote attached to Galrito's affidavit merely establishes the fact of possible charges to the Casagrande; it alone does not establish a connection between the train accident and Ancortex's damages in the form of the specific repairs listed in the quote or that the rental cost sought was a reasonable payment to rent a replacement drilling rig. *See id.* Nor can the timing of the repairs be used to establish causation. This court rejected that argument in *Alvarez*, when the medical treatment occurred on the same day as the collision, so the fact that the repair estimate is two months after the collision makes this a weaker argument than the one in *Alvarez*. *See id.*

Accordingly, we hold that Ancortex's evidence constitutes less than a scintilla of proof that damages were caused by or a result of the train accident, and therefore we sustain Appellants' first issue. Because Appellants' first issue is dispositive of the appeal, we need not address their second issue. *See* Tex. R. App. P. 47.1.

## VI. Conclusion

Although the causative link between Appellants' conduct and the train accident is established by default, Ancortex proffered legally insufficient evidence that the damages to the Casagrande were caused by or a result of the train accident. Therefore, the default judgment as to unliquidated damages cannot stand. Having sustained Appellants' first issue, which is dispositive of the appeal, we reverse the trial

court's default judgment in part and remand the case to the trial court for a new trial solely on the existence of a causative nexus between the train accident and the damages to the Casagrande and, if one is established, for a new trial on the amount of Ancortex's unliquidated damages. *See* Tex. R. App. P. 43.2(d), 43.3(a). We affirm the portion of the order granting default judgment regarding Appellants' liability for the accident. *See* Tex. R. App. P. 43.2(a).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: April 28, 2022