Brian Edward FRANKLIN, Appellant,

v.

Jennifer Louise WILCOX, Appellee.

No. 2–00–215–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 2, 2001.

---

Brian Edward Franklin, Rosharon, for Appellant.

Tim Curry, Crim. Dist. Atty., Kristi La-Roe, Asst. Dist. Atty., Fort Worth, for Appellee.

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Brian Edward Franklin brings this restricted appeal from the trial court's judgment granting a family vio-lence protective order against him. We dismiss the appeal for want of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2000, Appellee Jennifer Louise Wilcox filed an application for a protective order. Wilcox attached to the application her affidavit setting out the factual grounds for her application for the protective order. The court issued a tem-porary ex parte order. Franklin filed an answer to the application for a protective order and filed a request for an "order against [Wilcox] preventing her from con-tacting [him] or his family."

On February 17, 2000, the trial court held an evidentiary hearing on Wilcox's application for a protective order. Frank-lin appeared at the hearing through his attorney. At the hearing, Franklin's attor-ney gave an opening statement, cross-ex-amined Wilcox, called Franklin's mother to testify, and gave a closing argument. Af-ter hearing evidence and argument from both parties, the court issued a protective order finding Franklin had committed fam-ily violence and that family violence was likely to occur in the future. The protec-tive order barred Franklin from commit-ting family violence against Wilcox, com-municating with her in a threatening or harassing manner, or going within 200 yards of her residence or place of employ-ment. Franklin did not file a timely notice of appeal. Instead, on June 23, 2000, Franklin filed a petition for a restricted appeal.

### CONTENTIONS OF THE PARTIES

Franklin argues the protective order was improperly granted because the evi-dence is factually insufficient. Further-more, he contends the trial court abused its discretion by failing to have a bench warrant hearing and make findings on the record based on the hearing.

Wilcox responds that Franklin participated in the hearing through his attorney and, therefore, is not entitled to a restricted appeal pursuant to rule 30 of the rules of appellate procedure. TEX.R.APP.P. 30. In addition, Wilcox contends that the evidence is factually sufficient to support the issuance of the protective order and that the issue regarding whether Franklin should have been bench warranted was waived because it was not objected to in a timely manner.

## DISCUSSION

■ Before we may consider Franklin's issues, we must determine whether he is entitled to a restricted appeal. Rule 30 of the rules of appellate procedure provides that a *party who did not participate, either in person or through counsel,* in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a), may file a notice of appeal within the time permitted by rule 26.1(c). TEX. R.APP.P. 30; *see also* TEX.R.APP.P. 26.1(a), (c). This type of appeal, known as a restricted appeal, is a direct attack on the trial court's judgment. *In re E.K.N.,* 24 S.W.3d 586, 590 (Tex.App.—Fort Worth 2000, no pet.); *Barker CATV Constr., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

■ A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *E.K.N.,* 24 S.W.3d at 590; *Onyx TV v. TV Strategy Group, LLC,* 990 S.W.2d 427, 429 (Tex.App.—Texarkana 1999, no pet.). It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed, but it does afford an appellant the same scope of review as an ordinary appeal, that is, a review of the entire record. *Norman Communications v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997); *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965); *E.K.N.,* 24 S.W.3d at 590; *Onyx TV,* 990 S.W.2d at 429.

■ In order to directly attack the trial court's judgment, a restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *Norman Communications,* 955 S.W.2d at 270; *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991); *E.K.N.,* 24 S.W.3d at 590. The first two requirements of rule 30 are not at issue in this case. What is contested here is whether Franklin participated in the hearing.

■ After reviewing the record, we hold that the record demonstrates that Franklin "participated through counsel" at the hearing that led to the granting of the protective order. Specifically, Franklin appeared at the hearing through his attorney because his attorney gave an opening statement on his behalf, cross-examined Wilcox, called Franklin's mother to testify on his behalf, and gave a closing argument. Franklin argues that his attorney's involvement in the hearing does not qualify as his "participation" in this case.[1] Franklin's argument is unpersuasive. Because Franklin participated through his attorney in the hearing that led to the adverse order, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 30; *C & V.*

1. On August 31, 2000, this court determined jurisdiction existed. After a thorough review of the record and briefs, which were not available to us at the time of our order, we conclude jurisdiction does not exist.

*Club v. Gonzalez,* 953 S.W.2d 755, 759 (Tex.App.—Corpus Christi 1997, no pet.).