

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00364-CV

———————————————————

IN THE INTEREST OF H.L., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-595838-16

---

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

On October 4, 2019, pro se Appellants, the child H.L.'s parents (Parents), filed a notice of appeal from the associate judge's September 17, 2019 report. Parents timely requested a de novo hearing before the referring district court, and that hearing was held September 30, 2019, but no resulting order has been signed. This court therefore notified the parties that absent a response showing grounds for continuing the appeal, this court could dismiss the appeal based on the absence of a final judgment or an appealable interlocutory order. In Parents' response, they indicate that they are instead seeking a restricted appeal of the May 30, 2019 final judgment. Either way, we lack jurisdiction.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the legislature has specified are appealable. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. *First*, absent some exceptions not applicable here, when a party in a family law case files a timely request for a de novo hearing challenging the associate judge's report, that report is not a final judgment or an appealable order. *See* Tex. Fam. Code Ann. §§ 201.015, 201.016; *In re C.R-A.A.*, No. 04-16-00587-CV, 2016 WL 6238237, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (per curiam) (mem. op.); *Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Accordingly, we do not have jurisdiction over an appeal from the associate judge's September 17, 2019 report.

*Second*, to the extent Parents claim that their notice of appeal is in fact a notice of restricted appeal from the May 30, 2019 final judgment, Rule 30 of the Texas Rules of Appellate Procedure does not allow parties (like Parents) who participated in the hearing resulting in the judgment challenged to file a restricted appeal. *See* Tex. R. App. P. 30; *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.) (dismissing attempted restricted appeal for want of jurisdiction when Franklin "appeared at the hearing through his attorney" and "participated through his attorney in the hearing" by conducting cross-examination). The Rule 30 requirements are jurisdictional. *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied).

Because the associate judge's September 17, 2019 report is not a final judgment or an appealable order and because Parents cannot meet the Rule 30 requirements for filing a restricted appeal from the May 30, 2019 final judgment, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. 30, 42.3(a), 43.2(f).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: December 19, 2019

3