ACCEPTED
15-25-00080-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 9:55 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00080-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 9:55:01 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
Fifteenth District of Texas

**Javier Vasquez and RJT Commercial, Inc.,**
**Appellants,**

**vs.**

**Moises Tonche Vargas, Maria Vargas, Individually and as Next Friend of**
**S.A.V. and E.I.V., Minors and Saul Vargas,**
**Appellees.**

On Appeal from the 13th District Court, Navarro County, Texas
Honorable James Lagomarsino, Presiding Judge
Cause No. D18-27341-CV

## BRIEF OF APPELLANTS

Andrew J. Upton – 24101307
William S. Roberts – 24114764
Chaz E. Lidia – 24143120

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopier: (214) 379-6939

*Counsel for Appellants*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), Appellants certify that the following list contains the names of the parties to the Order being appealed from the trial court, and the names and addresses of all trial and appellate counsel:

**APPELLANTS:**
Javier Vasquez;
RJT Commercial, Inc.

**TRIAL COUNSEL (Notice of Restricted Appeal Only):**
MAYER LLP
Wesley S. Alost
State Bar No. 24027192
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
walost@mayerllp.com

**APPELLATE COUNSEL:**
MAYER LLP
Andrew J. Upton
State Bar No. 24101307
William S. Roberts
State Bar No. 24114764
Chaz E. Lidia
State Bar No. 24143120
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
wroberts@mayerllp.com
aupton@mayerllp.com
clidia@mayerllp.com

**APPELLEES:**
Moises Tonche Vargas; Maria Vargas, Individually and as Next Friend of S.A.V. and E.I.V., Minors; and Saul Vargas

**TRIAL AND APPELLATE COUNSEL:**
LAW OFFICES OF OSCAR P. RAMIREZ, P.C.
Oscar P. Ramirez
State Bar No. 16502575
817 E. Esperanza Ave.
McAllen, Texas 78501
Telephone: (956) 682-0070
oramirezatty@hotmail.com

**CO-DEFENDANTS**
**(Not Parties to Appeal):**
Francisco Javier Lizama and Carmela Alvarado

**TRIAL COUNSEL:**
WILSON, ROBERTSON & CORNELIUS, P.C.
Kelly B. Lea
SBN 12082500
klea@wilsonlawfirm.com
Kevin Hayes
SBN 24068347
khayes@wilsonlawfirm.com
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
903-509-5000 Telephone
903-509-6932 Facsimile
(former counsel)

KIMBLE & SMITH, P.C.
Kyle Smith
State Bar 24102512
1204 S. White Chapel Blvd.
Southlake, Texas 76092
eservice@kimblesmithlaw.com
817.766.7488
817.423.7492 fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................2

TABLE OF CONTENTS ........................................................................4

TABLE OF AUTHORITIES ....................................................................6

STATEMENT OF THE CASE ..................................................................8

STATEMENT REGARDING ORAL ARGUMENT ........................................9

ISSUES PRESENTED ..........................................................................10

    I.   Did the trial court lose plenary power and its jurisdiction prior to signing the default judgment? ...............................................................10

    II.  Even if the trial court had jurisdiction to sign a default judgment, was such default judgment against RJT and Vasquez proper when there is no evidence either was served and no compliant Returns of Service were filed? ......................................................................................................10

    III.    Whether RJT and Vasquez meet their burden to show that a restricted appeal is proper in this case. ....................................................10

STATEMENT OF FACTS ....................................................................11

    I.   Neither Vasquez nor RJT was ever served. ......................................11

        A.  RJT's citation was returned to the District Clerk's office. ...............11

        B.  Vasquez's citation was unclaimed and returned...........................12

        C.  Plaintiffs obtained new citations for RJT and Vasquez, but never served them. ............................................................................................12

    II.  The case is dismissed for want of prosecution...................................13

    III.    The trial court lost plenary power. ................................................13

    IV.    Despite having lost plenary power, the trial court granted default judgment.....................................................................................................14

    V.  The Presiding Judge of the Third Administrative Judicial Region acknowledged the trial court's loss of plenary power............................15

    VI.    There remains a default judgment against Vasquez and RJT, signed after loss of plenary power, necessitating this restricted appeal. .............15

SUMMARY OF THE ARGUMENT..........................................................17

**STANDARD OF REVIEW** ..................................................................19

**ARGUMENT** ................................................................................20

    I.    The trial court lacked jurisdiction and plenary power to sign the default judgment because the trial court lost plenary power on September 4, 2024—more than 30 days before the default judgment was signed ....21

    II.   Alternatively, even assuming *arguendo* the court had jurisdiction to enter default judgment, entering default judgment against RJT and Vasquez constituted an abuse of discretion............................................23

        A.   There is no evidence in the record showing that either RJT or Vasquez was served with citation. .......................................................23

        B.   No legally compliant Return of Service for RJT or Vasquez was ever filed. ....................................................................................................28

    III.   A restricted appeal is proper in this case.........................................31

**CONCLUSION AND PRAYER**...............................................................32

**CERTIFICATE OF COMPLIANCE** ...........................................................34

**CERTIFICATE OF SERVICE** .................................................................34

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Alexander v. Lynda's Boutique,*
    134 S.W.3d 845 (Tex. 2004) .........................................................................19

*Asset Prot. & Sec. Servs., L.P. v. Armijo,*
    570 S.W.3d 377 (Tex. App.—El Paso 2019, no pet.) ...............................20

*Franklin v. Wilcox,*
    53 S.W.3d 739 (Tex. App.—Fort Worth 2001, no pet.) ..........................18

*Ins. Co. of State of Pennsylvania v. Lejeune,*
    297 S.W.3d 254 (Tex. 2009) .................................................... 10, 18, 19

*Mapco, Inc. v. Carter,*
    817 S.W.2d 686 (Tex. 1991) .....................................................................28

*Primate Constr., Inc. v. Silver,*
    884 S.W.2d 151 (Tex. 1994) .....................................................................20

*State ex rel. Latty v. Owens,*
    907 S.W.2d 484 (Tex. 1995) ...................................................... 18, 19, 22

*U.S. Bank v. Moss,*
    644 S.W.3d 130 (Tex. 2022) ...................................................... 23, 24, 25

*Zanchi v. Lane,*
    408 S.W.3d 373 (Tex. 2013) ............................................................ 28, 32

**Rules**

Tex. R. App. P. 9.4(i)(3) .........................................................................34

Tex. R. App. P. 30 ........................................................................... 10, 19

Tex. R. App. P. 38.1(a) ...............................................................................2

Tex. R. App. P. 38.1(k) .............................................................................35

Tex. R. App. P. 39.1 ....................................................................................9

Tex. R. Civ. P. 4 ................................................................................ 14, 21

Tex. R. Civ. P. 107 .................................................... 17, 28, 29, 30

Tex. R. Civ. P. 107(b).......................................................................... 29, 30

Tex. R. Civ. P. 107(c) ................................................................................30

Tex R. Civ. P. 107(e)..............................................................29

Tex. R. Civ. P. 107(h) ...........................................................30

Tex. R. Civ. P. 124 ................................................23, 28, 29

Tex. R. Civ. P. 165a(3)...........................................8, 14, 21, 22

Tex. R. Civ. P. 239 ...............................................................26

Tex. R. Civ. P. 239a..............................................................26

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case and Trial Court Disposition:* | Plaintiffs sued RJT Commercial and Vasquez in relation to a motor vehicle accident that occurred in September 2016. CR10-12. Plaintiffs never served RJT or Vasquez. Several years later, the trial court dismissed the case with prejudice for want of prosecution. CR146. |
| | Plaintiffs moved to reinstate the case, but the motion was overruled by operation of law. CR147; Tex. R. Civ. P. 165a(3). After the trial court lost plenary power, it signed a default judgment. CR241. |
| | This is a restricted appeal from the Order on Plaintiffs' Motion for Default Judgment. CR241; CR312-18. |
| *Trial Court:* | The Honorable James Lagomarsino of the 13th District Court, Navarro County, Texas; Cause No. D18-27341-CV. |

## STATEMENT REGARDING ORAL ARGUMENT

The trial court's Order granting default judgment against RJT and Vasquez was entered after the trial court lost plenary power, contrary to established legal standards under Texas law and the Texas Rules of Civil Procedure. The issues in this restricted appeal are fairly straightforward, though the actions of Plaintiffs and the trial court have created a somewhat confusing record, such that Appellants request oral argument pursuant to Texas Rule of Appellate Procedure 39.1 to aid the Court in its decisional process in disposing of the important default judgment and plenary power issues presented in this restricted appeal which will potentially have wide-ranging application to the jurisprudence of Texas.

In addition, Appellants' appellate counsel are seeking board certification with the Texas Board of Legal Specialization in Civil Appellate Law and granting oral argument would significantly assist Appellants' counsel's efforts in that pursuit.

## ISSUES PRESENTED

This restricted appeal requires the Appellants demonstrate that: (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); Tex. R. App. P. 30. The first three elements do not appear to be in dispute, so the issue to be determined in this restricted appeal is whether error is apparent from the face of the record in two ways:

I. **Did the trial court lose plenary power and its jurisdiction prior to signing the default judgment?**

II. **Even if the trial court had jurisdiction to sign a default judgment, was such default judgment against RJT and Vasquez proper when there is no evidence either was served and no compliant Returns of Service were filed?**

While the first three elements of a successful restricted appeal should be undisputed here, to the extent Plaintiffs disagree, the Court must address a third issue:

III. **Whether RJT and Vasquez meet their burden to show that a restricted appeal is proper in this case.**

This is a restricted appeal from a default judgment signed after the trial court lost plenary power.

## I. Neither Vasquez nor RJT was ever served.

Plaintiffs originally filed suit on September 26, 2018 related to a September 30, 2016 motor vehicle accident. CR10-12. Despite having citation issued to Vasquez and RJT, those citations were never served on either defendant.

### A. RJT's citation was returned to the District Clerk's office.

Specifically, the citation to RJT was directed to an address at 3065 Forest Ln, Garland Texas 75042. CR26. The proof of return filed with the trial court includes that same address (CR34), but says that it was "delivered" to an address "in CORSICANA, TX 75110." CR35. The handwritten "Address of Recipient" is either "300 W 2nd Ave" or 300 W 3rd Ave":

CR35. The address of the District Clerk's office return address included on the mailing slip for the return receipt is 300 W 2nd Ave, while the address for the District Clerk's office included on the citation is 300 W. 3rd Ave, Ste. 201:

| CR34: | CR26: |
|---|---|
| JOSHUA B. TACKET<br>DISTRICT CLERK<br>300 W 2ND AVE<br>CORSICANA, TX  75110-3004 | **CLERK OF THE COURT**<br>JOSHUA B. TACKETT<br>300 W. 3RD AVE., STE. 201<br>CORSICANA, TX. 75110<br>NAVARRO COUNTY, TEXAS |

Moreover, the return includes a handwritten statement that it was "not delivered." CR35. Whichever address the citation was sent to, it was not delivered to RJT, but was returned to the District Clerk's office. *See* CR35.

**B.      Vasquez's citation was unclaimed and returned.**

The return filed for Vasquez includes a handwritten comment that it was "unclaimed" and further notes that it was "Unclaimed/Being Returned to Sender." CR38.

**C.      Plaintiffs obtained new citations for RJT and Vasquez, but never served them.**

Following the above failures to serve Vasquez and RJT, Plaintiffs asked for "re-issuance" of citations, CR41, and same were re-issued to the same addresses. CR42, 45. There is nothing in the record to suggest that these second citations were ever served on RJT or Vasquez, or that service was even attempted. The only additional document is a certified mail envelope that the record index notes was "RETURNED TO SENDER (CITATION – Javier Vasquez)." CR3. That envelope says "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD" AND LISTS A DATE OF "0012/01/18," which

12

precedes this second citation even being issued. *Compare* CR44 *with* CR42. The Clerk's Record index lists a date of "1/4/2019" for this envelope being filed, which the Register of Actions notes as "UNDELIVERABLE." CR3; CR139.

## II. The case is dismissed for want of prosecution.

The case appears to have proceeded against co-defendants Alvarado and Lizama for some time. CR47-106. Over five-and-one-half years after Plaintiffs initiated suit against RJT and Vasquez, the trial court noted its intent to dismiss the case for want of prosecution and set a status conference. CR107, 109.

The day before the status conference and DWOP hearing, Plaintiffs moved to continue the hearing, based in part on a motion for default filed the same day. CR111-112; CR120-42. The trial court denied the motion for continuance (CR143) and after "Plaintiffs failed to appear," dismissed the case for want of prosecution, with prejudice, on May 21, 2024. CR146.

## III. The trial court lost plenary power.

Plaintiffs filed a motion to reinstate on June 17, 2024. CR147. Plaintiffs later filed an amended motion to reinstate, but their motions to reinstate were overruled by operation of law on August 5, 2024, 75 days after the dismissal

order was signed. Tex. R. Civ. P. 165a(3); Tex. R. Civ. P. 4 (deadline falling on Sunday, August 4, so rolled to August 5).

The trial court then sent a letter to counsel of record on August 13, 2024 advising that the motion to reinstate was denied, with "the same effect as if orally pronounced in open court."[1] CR222. The trial court lost plenary power on September 4, 2024. Tex. R. Civ. P. 165a(3).

**IV. Despite having lost plenary power, the trial court granted default judgment.**

More than two months after any motion to reinstate was overruled by operation of law, and at least one month after losing plenary power, the trial court granted Plaintiffs' motion for default judgment "in all things" against RJT and Vasquez (and "against all Defendants in being that they are jointly and severally liable") on October 18, 2024. CR241.

Defendants Alvarado and Lizama, who are not parties to this restricted appeal, moved to set aside the default judgment due to lack of plenary power and the denials of the motion to reinstate, and noted that "Plaintiffs' counsel never perfected service on the Co-Defendants Javier Vazquez and RJT Commercial, Inc." and that Alvarado and Lizama had answered. CR250-53.

---

[1] A similar letter was later sent on November 1, 2024 denying Plaintiffs' Amended Motion to Reinstate. CR269.

14

**V. The Presiding Judge of the Third Administrative Judicial Region acknowledged the trial court's loss of plenary power.**

Plaintiffs later moved to recuse and disqualify Judge Lagomarsino. CR272. The Third Administrative Judicial Region Presiding Judge issued an Order Dismissing or Summarily Denying Motions to Recuse and Disqualify Judge. CR308-09.

In that order, the Presiding Judge noted that "Primarily, it is noted that the trial court lost jurisdiction and its plenary power over this case at or near the 4th day of September, 2024, subsequent to entry of an order dismissing the case for want of prosecution on the 21st day of May, 2024." CR308. The Presiding Judge did note that "[t]he trial court retained plenary power to consider or reconsider the effected orders only through September 4th. Everything thereafter, occurring beyond the trial court's jurisdiction, was a nullity…." CR309.

**VI. There remains a default judgment against Vasquez and RJT, signed after loss of plenary power, necessitating this restricted appeal.**

No answer or appearance was ever filed by either Vasquez or RJT. *See generally* CR. Five-and-one-half years after Plaintiffs initiated suit against RJT and Vasquez and failed to serve them, Plaintiffs' counsel began listing Wes Alost, counsel for RJT and Vasquez, in certificates of service, beginning with

15

Plaintiffs' Motion for Continuance on May 20, 2024, despite never serving RJT or Vasquez, and neither appearing in the case. *See, for example,* CR113. But the "Automated Certificate of Service" included with that and other filings do not list Mr. Alost as a recipient. *See, for example,* CR114. The same is true on the proposed orders submitted by Plaintiffs that were ultimately signed by the trial court. *See, for example,* CR143 (signed copy) and CR159 (unsigned copy included with Motion for Continuance).

In the motion to set aside default judgment filed by Co-Defendants Alvarado and Lizama, their counsel noted that Mr. Alost "has not made an appearance in this case." CR249.

Unfortunately, despite the acknowledged loss of plenary power, the default judgment against Vasquez and RJT has not been vacated or otherwise withdrawn. It remains on the trial court's docket and can appear in public searches, background checks, or be obtained by the public. Due to the potential negative impact on RJT's business and Vasquez's life, and risk of Plaintiffs attempting to collect on a default judgment that never should have been issued, Vasquez and RJT have no option but to pursue this restricted appeal to protect themselves.

## SUMMARY OF THE ARGUMENT

The trial court never should have entered a default judgment against RJT or Vasquez. First, prior to the default judgment, the trial court lost plenary power. This fact was confirmed by the Presiding Judge of the Third Administrative Judicial Region, who wrote, "the trial court *lost jurisdiction and its plenary power over this case at or near the 4th day of September, 2024*, subsequent to entry of an order dismissing the case for want of prosecution on the 21st day of May, 2024." CR308 (emphasis added). "*Everything thereafter*, occurring beyond the trial court's jurisdiction, *was a nullity*...." CR309 (emphasis added). Yet the trial court signed a default judgment on October 18, 2024. CR241.

Second, even if the trial court did have jurisdiction to grant a default judgment, it should not have done so because there is no evidence in the record that either RJT or Vasquez was ever served. The record actually confirms that the attempted services by citation were unclaimed and/or returned to the District Clerk's Office. CR34-35; CR38. Moreover, no Return of Service including the elements required by Rule 107 was ever filed in this case.

17

Because of these facts, error is apparent on the face of the record and this Court should reverse the trial court's default judgment in this restricted appeal. The three other elements for a restricted appeal—that RJT and Vasquez (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) were parties to the underlying lawsuit; and (3) did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law—are believed to be undisputed. *See Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (listing elements of successful restricted appeal). But to the extent Plaintiffs will contend otherwise, RJT and Vasquez satisfy each element.

The default judgment represents exactly why restricted appeals are in place: "the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment." *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.). Through no fault of their own, there is a default judgment order against RJT and Vasquez, despite the trial court not having the authority to sign such an order. This Court should reverse and declare the default judgment void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

18

## STANDARD OF REVIEW

"While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

"A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); Tex. R. App. P. 30.

## ARGUMENT

Each of the first three elements of a successful restricted appeal should be undisputed in this appeal, but to the extent that they are not, they are discussed in Section III below. The primary element at issue in this restricted appeal is the fourth element—whether error is apparent on the face of the record. And if the trial court lost plenary power prior to entry of the default judgment, then the default judgment is void and should be declared as such.

"Error is apparent on the face of the record when the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation." *Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 381 (Tex. App.—El Paso 2019, no pet.) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). "For well over a century," the Texas Supreme Court "has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Const.*, 884 S.W.2d at 152. "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment." *Id.*

As to the fourth element, error is apparent on the face of the record for two reasons: first, the default judgment was signed after the trial court lost

20

plenary power, and second, even if the trial court had jurisdiction to hear the default judgment motion, Plaintiffs did not meet the standards for a default judgment against RJT and Vasquez such that it was an abuse of discretion to grant such motion.

**I.** **The trial court lacked jurisdiction and plenary power to sign the default judgment because the trial court lost plenary power on September 4, 2024—more than 30 days before the default judgment was signed**

The trial court dismissed the case with prejudice for want of prosecution on May 21, 2024. CR146. The trial court did not rule on any of Plaintiffs' motions to reinstate within 75 days, such that all were overruled by operation of law on August 5, 2024. Tex. R. Civ. P. 165a(3); Tex. R. Civ. P. 4. The trial court retained "plenary power to reinstate the case" for 30 more days. Tex. R. Civ. P. 165a(3). Thus, the trial court lost plenary power on September 4, 2024, 30 days after the motion was overruled by operation of law. *Id.*; CR146 (dismissal on May 21, 2024).

The trial court's August 13, 2024 letter advised Plaintiffs that the motion to reinstate was denied, but the court noted it "shall not be considered as an order … but shall have the same effect as if orally pronounced in open court." CR222. Even if this letter suffices as an order denying the motion to reinstate, the motions were overruled by operation of law prior to denial by

21

written order, such that the earlier date is when plenary power began to run. *See* Tex. R. Civ. P. 165a(3) ("If a motion to reinstate is timely filed by any party, the trial court … has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, **whichever occurs first**.") (emphasis added).

This timeline was confirmed by the Presiding Judge of the Third Administrative Judicial Region. *See* CR308-09. As the Presiding Judge wrote, "the trial court **lost jurisdiction and its plenary power over this case at or near the 4th day of September, 2024**, subsequent to entry of an order dismissing the case for want of prosecution on the 21st day of May, 2024." CR308 (emphasis added). "**Everything thereafter**, occurring beyond the trial court's jurisdiction, **was a nullity**…." CR309 (emphasis added).

The default judgment was signed on October 18, 2024, after the expiration of plenary power. CR241. As a result, it never should have been signed, and is void. This Court should reverse and declare the default judgment against RJT and Vasquez void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and

the appellate court in such a proceeding may declare the judgment void. We declare the order appealed from void because it was signed after the district court's plenary jurisdiction expired.") (internal citation omitted). If the Court declares the default judgment void, it need not address Section II.

**II.    Alternatively, even assuming *arguendo* the court had jurisdiction to enter default judgment, entering default judgment against RJT and Vasquez constituted an abuse of discretion.**

Even if the trial court had plenary power or jurisdiction at the time it granted the default judgment, it improperly did so because there is no evidence in the record that RJT or Vasquez were ever actually served with citation, and there was no sufficient Return of Service on file for either RJT or Vasquez.

**A.    There is no evidence in the record showing that either RJT or Vasquez was served with citation.**

First, there is no evidence within the trial court's record which establishes that either RJT or Vasquez were ever served with citation in accordance with the Texas Rules of Civil Procedure and as a necessary requirement to moving for default judgment. *See* Tex. R. Civ. P. 124; *U.S. Bank v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022).

### 1. RJT was not served; the citation was delivered to the District Clerk's office.

Plaintiffs, within their Motion for Default Judgment, alleged that "[o]n September 28, 2018, Citation on Defendant, RJT Commercial, Inc. was properly sent by Certified Mail (92148901066154000129029186) and delivered on October 11, 2018 @ 10:39…." CR121. But the record tells a different story.

Proper service was not achieved on RJT. Citation was issued for RJT via Gerald Geary at the address of 3065 Forest Lane, Garland, Texas 75042. CR26. Plaintiffs' purported return of service for this citation (a certified mail receipt) contains a handwritten notation stating that it was "not delivered." CR35.

But that return goes on to state in typewritten text that the citation was "delivered on 10/11/2018 at 10:39 a.m. in CORSICANA, TX 75110." *Id.* The recipient address was handwritten noted as either 300 W 2nd Ave or 300 W 3rd Ave, each of which are listed as addresses for the Navarro County District Clerk's Office. *Compare id. with* CR34 (return address for the Clerk's Office noted on the certified mail slip) *and* CR26 (listing the Clerk's Office address on the citation). The additional document attached to Plaintiffs' purported return of service appears to be related to an entirely separate piece of certified

24

mail, as evidenced by the inexact tracking number and recipient address being the Fourteenth Court of Appeals. CR36.

Plaintiffs pointed to the trial court's Register of Actions as support for proper service, but same contains an entry on November 19, 2018, which states that a Return was "*NOT DELIVERED 10/11/18 @ 10:39.*" CR139 (emphasis in original). Yet Plaintiffs not only told the trial court otherwise in their Motion for Default Judgment, but swore that same was true by counsel's verification (CR141-42), in addition to failing to acknowledge or address the difference between the Corsicana delivery address and the Garland address for RJT where citation should have been sent. CR120-142; CR35; CR26.

### 2. Plaintiffs' Motion for Default Judgment made no mention or proof of Vasquez's last known address or that Vasquez was ever served.

Plaintiffs' Motion for Default Judgement discussed purported service on RJT, but never once addressed service on Vasquez, despite the motion being made against RJT **and** Vasquez. *See* CR120-42. "A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived process, or entered an appearance." *U.S. Bank*, 644 S.W.3d at 137.

Plaintiffs' Motion for Default Judgment does not state that Defendant Vasquez was served, his answer date or failure to answer, and also does not contain a statement of last known address for Vasquez. Nothing in the record otherwise includes any certification "to the clerk in writing [of] the last known email address and mailing address of [Vasquez]" and no such "certificate [was] filed among the papers in the cause" as required by Rule 239a.

These omissions are otherwise necessary elements of a valid motion for default judgment. Tex. R. Civ. P. 239, 239a. Moreover, the return that was filed for Vasquez includes a handwritten comment that it was "unclaimed" and further notes that it was "Unclaimed/Being Returned to Sender." CR38. The Court's Register of Actions notes that the citation for Defendant Vasquez was returned unclaimed by reference to the citation's certified mail number. CR139 (11/29/18 entry).

The face of the record demonstrates Plaintiffs' failure to meet the requisite standards for a default against Vasquez. Default judgment against Vasquez was therefore improper.

### 3. Further proof of lack of service on RJT and Vasquez is evident from Plaintiffs requesting new citations for each.

In further evidence that RJT and Vasquez were never properly served, Plaintiffs requested the trial court re-issue citations for both RJT and Vasquez on December 5, 2018. CR41. The Navarro County District Clerk issued new citations for RJT and Vasquez on December 7, 2018, at the exact same addresses as the initial citations. CR 42, 45.

Had Plaintiffs successfully served RJT as they allege, or Vasquez, there would be no need to submit a "request for re-issuance of citations" as Plaintiffs did. CR41. So as of December 4, 2018, when the re-issue request was dated, or December 5, 2018 when it was file-stamped, it logically follows that Plaintiffs believed they had not served RJT or Vasquez. *See* CR41. Further highlighting the improper default judgment is that there is nothing in the record showing that Plaintiffs ever secured, or even attempted, service of these reissued citations on either RJT or Vasquez.

The only additional document is a certified mail envelope that the record index notes was "RETURNED TO SENDER (CITATION – Javier Vasquez)." CR3. That envelope says "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD" and lists a date of "0012/01/18," which precedes the second citation even being issued. *Compare* CR44 *with* CR42. The Clerk's

27

Record index lists a date of "1/4/2019" for this envelope being filed, which the Register of Actions notes as "UNDELIVERABLE." CR3; CR139. That is no proof of service on Vasquez; rather, it demonstrates the opposite.

Neither RJT nor Vasquez was served with citation. It is a longstanding principle that "a party must be served, accept or waive service, or otherwise appear before judgment may be rendered against him." *Zanchi v. Lane*, 408 S.W.3d 373, 378 (Tex. 2013) (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam)); *see also* Tex. R. Civ. P. 124. Without such proof, the error in granting default judgment is apparent from the face of the record, and this Court should reverse.

**B.      No legally compliant Return of Service for RJT or Vasquez was ever filed.**

Regardless of whether citation itself was properly served on RJT or Vasquez, the face of the record establishes that Plaintiffs never filed any return of service for RJT or Vasquez that satisfies Rule 107. In addition, Plaintiffs failed to attach any return of service to their Motion for Default Judgment. CR120-42. The evidence shows that at the time of filing their Motion for Default Judgment, no return of service was on file or noted within the court's Register of Actions. CR139. As discussed above, there are only two entries in the Register of Actions that could presumably be a return of service for the

28

dates at issue, but the record reveals neither is proof of service, let alone proper.

The first entry, made on November 19, 2018, plainly states that the citation issued to Defendant RJT was not delivered. *Id.;* CR34-35. The second entry, made on November 29, 2018, states that the citation issued to Vasquez was returned unclaimed. CR139; CR38. The certified mail tracking number on this entry matches exactly to the tracking number found on the copy of the citation issued to Defendant Vasquez. CR139; CR38. Both of these entries, along with the actual documents to which they refer, demonstrate that citation was not delivered to its intended recipient and therefore fail to set forth the necessary requirements of a valid return of service.

No document in the record, let alone the documents cited by Plaintiffs, contain the statutory requirements found in Rule 107. The return of service must—at a minimum—state the cause number and cause name, court in which the case is filed, a description of the documents served, date and time process was received for service, person or entity served, address served, date of service, manner of delivery of service, and the name of the person who served the process. Tex. R. Civ. P. 107(b)(1)-(9). The officer or person who serves the citation must also sign the return. Tex R. Civ. P. 107(e). The returns

of service on file do not satisfy the requirements of Rule 107. The unclaimed return for Vasquez even notes that it is "Page 1 of 2," suggesting information is missing. CR38.

Service by certified mail, return receipt requested is authorized under Rule 106, but when utilized, the return of service "must **also** contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c) (emphasis added). Plaintiffs purport to have served both RJT and Vasquez—despite not noting Vasquez's service in their Motion for Default Judgment—by certified mail, but no document filed with the trial court contains the signature of either RJT or Vasquez, let alone the other information required by Rule 107(b). *See* CR34-35; CR38.

Both citations in this case were returned to sender, unclaimed, without any proper return of service being filed. Thus, there is no evidence in the record of any document that satisfies the requirements of Rule 107 such that it is a valid return of service.

Moreover, the lack of any valid return of service for RJT or Vasquez violates Rule 107(h), which requires a valid return of service to be on file for at least ten days prior to a court granting default judgment.

For these reasons it is apparent from the face of the record that the trial court abused its discretion in granting Plaintiffs' Motion for Default Judgment, as Plaintiffs did not strictly comply with the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation. Not only did Plaintiffs not attach any of the requisite proof for service to their Motion for Default Judgment, none is part of the trial court's record. This Court should reverse.

***

Error is apparent from the face of the record and the Court should reverse the trial court's default judgment in favor of RJT and Vasquez.

## III. A restricted appeal is proper in this case.

Each of the first three elements of a successful restricted appeal should be undisputed in this case. However, to the extent Plaintiffs will argue differently, RJT and Vasquez satisfy each element.

First, RJT and Vasquez's notice of restricted appeal was timely filed six months after the Order on Plaintiffs' Motion for Default Judgment was signed. *Compare* CR312-18 *with* CR241. The Order was signed on October 18, 2024 and the Notice of Restricted Appeal was filed on April 18, 2025. *Compare* CR312-18 *with* CR241.

Second, both RJT and Vasquez were named parties to the lawsuit since the Original Petition was filed. CR10-11; *Zanchi v. Lane,* 408 S.W.3d 373, 378 (Tex. 2013) ("the Texas Rules of Civil Procedure refer to those named in petitions as 'parties,' supporting a conclusion that service of process is not a prerequisite to that designation").

Third, the record reflects that RJT and Vasquez did not participate in any default judgment hearing and did not file any postjudgment motions or requests for findings of fact and conclusions of law. The trial court's civil docket sheet includes a handwritten notation on October 15, 2024, the date of the hearing on Plaintiffs' Motion for Default Judgment (CR225), that "[Plaintiffs] present via Oscar Ramirez. No other parties or counsel present." CR9.

Only the fourth element—whether error is apparent on the face of the record—should be at issue in this restricted appeal. But as explained above in Sections I and II, that element is also satisfied. As a result, the Court should reverse the default judgment and declare it void.

## CONCLUSION AND PRAYER

No default judgment should have ever been signed by the trial court in this case. The trial court's plenary power and jurisdiction had expired prior to

such entry, yet the trial court signed the order anyway. But even if the trial court had the authority to enter such order, reversal is warranted because there is no evidence in the record to support that either RJT or Vasquez was actually served, and as a result, they cannot be in default.

RJT and Vasquez pray that this Court reverse the improper default judgment and declare it void, or alternatively reverse and render or remand to vacate. RJT and Vasquez also pray for such other and further relief to which they may be entitled.

Respectfully submitted,

By:      */s/ Andrew J. Upton*

Andrew J. Upton
State Bar No. 24101307
aupton@mayerllp.com
William S. Roberts
State Bar No. 24114764
wroberts@mayerllp.com
Chaz E. Lidia
State Bar No. 24143120
clidia@mayerllp.com

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopier: (214) 379-6939

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I hereby certify that this Brief contains 4,629 words (excluding the caption, identity of parties and counsel, statement regarding oral argument, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Andrew J. Upton*
Andrew J. Upton

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Appellate Procedure, the undersigned hereby certifies that a true and correct copy of the above and foregoing instrument was served on all counsel of record via the Court's electronic filing system on the 23rd day of June, 2025.

*/s/ Andrew J. Upton*
Andrew J. Upton

No. 15-25-00080-CV

---

In the Court of Appeals
Fifteenth District of Texas

---

**Javier Vasquez and RJT Commercial, Inc.,**
**Appellants,**

**vs.**

**Moises Tonche Vargas, Maria Vargas, Individually and as Next Friend of**
**S.A.V. and E.I.V., Minors and Saul Vargas,**
**Appellees.**

---

On Appeal from the 13th District Court, Navarro County, Texas
Honorable James Lagomarsino, Presiding Judge
Cause No. D18-27341-CV

---

**APPENDIX TO BRIEF OF APPELLANTS**

---

Appellants submit the following documents in support of Appellants'

Brief per Texas Rule of Appellate Procedure 38.1(k):

Order on Plaintiffs' Motion for Default Judgment (CR241).......... Appendix 1

## CAUSE NO. <u>D18-27341-CV</u>

| | | |
|---|---|---|
| MOISES TONCHE VARGAS, | § | |
| MARIA VARGAS, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF SERGIO ALONZO | § | |
| VARGAS AND EDGAR IVAN VARGAS, | § | |
| MINORS AND SAUL VARGAS, | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | NAVARRO COUNTY, TEXAS |
| | § | |
| | § | |
| JAVIER VAZQUEZ, RJT | § | |
| COMMERCIAL, INC., | § | |
| CARMELA ALVARADO AND | § | |
| FRANCISCO JAVIER LIZAMA, | § | |
| DEFENDANTS | § | 13th JUDICIAL DISTRICT |

## <u>ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT</u>

On this day, this Court heard the Motion for Default Judgment filed by Plaintiffs,

**MOISES TONCHE VARGAS, MARIA VARGAS, INDIVIDUALLY AND AS NEXT**

**FRIEND OF SERGIO ALONZO VARGAS AND EDGAR IVAN VARGAS, MINORS,**

**AND SAUL VARGAS.** After hearing the evidence and argument of counsel, the Court hereby

finds that said Motion for Default Judgment should be in all things **GRANTED** as against all

Defendants in being that they are jointly and severally liable.

It is therefore, ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for

Default Judgment is **GRANTED** for all Defendants are jointly and severally liable.

10/18/2024 10:41:54 am

SIGNED this _____ day of _____, 2024.

_____
**JUDGE PRESIDING**

1

<span style="color:red">APPX 1</span>

241

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Upton on behalf of Andrew Upton
Bar No. 24101307
aupton@mayerllp.com
Envelope ID: 102330758
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellants' Brief
Status as of 6/24/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Oscar Ramirez | 16502575 | oramirezatty@hotmail.com | 6/23/2025 9:55:01 PM | SENT |
| Wesley Alost | | walost@mayerllp.com | 6/23/2025 9:55:01 PM | SENT |
| Andrew Upton | | aupton@mayerllp.com | 6/23/2025 9:55:01 PM | SENT |
| Will Roberts | | wroberts@mayerllp.com | 6/23/2025 9:55:01 PM | SENT |
| Chaz Lidia | | clidia@mayerllp.com | 6/23/2025 9:55:01 PM | SENT |